UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   Docket #: 15-CV-9762
CARLOS ALMONTE,

                                                                      **COMPLAINT**
                                 **Plaintiff,**                (JURY TRIAL REQUESTED)

    -against-

STATE OF NEW YORK, INV. GILBERTO
RODRIGUEZ and INV. ELIAS CHACON,

                                **Defendants.**
------------------------------------------------------------------x

       Plaintiff, CARLOS ALMONTE, complaining of the defendants STATE OF NEW YORK ("STATE"), INV. GILBERTO RODRIGUEZ ("RODRIGUEZ"), and INV. ELIAS CHACON ("CHACON") (collectively "DEFENDANTS") herein, by and through his attorneys, SIEGLE & SIMS L.L.P., alleges the following upon information and belief:

## INTRODUCTION

       1. On or about April 23, 2015, at approximately 1:30 p.m., plaintiff CARLOS ALMONTE was working as a New York City Taxi and Limousine Commission duly licensed livery driver for El Barrio Car Service. At that time, he was driving a 2004 Honda Pilot which had affixed to its interior and exterior required signs indicating he was working for El Barrio in such capacity.

       2. At the time of the incident, Mr. Almonte was driving a fare.

       3. At approximately 1:30 p.m., Mr. Almonte's livery vehicle was pulled over by the defendants near the intersection of Tremont and Anthony Avenues, in the County of Bronx, City and State of New York.

       4. After pulling the vehicle over, DEFENDANTS entered Mr. Almonte's livery vehicle and took a bag from the fare who was seated in the rear.

5. DEFENDANTS searched the fare's bag and allegedly found more than eight ounces of heroin therein.

6. At that time, DEFENDANTS arrested CARLOS ALMONTE and charged him with the crime of Criminal Possession of a Controlled Substance in the First Degree and other related charges.

7. On April 24, 2015, Carlos Almonte was arraigned on these charges and ordered held on fifty thousand dollars ($50,000.00) bail. On or about April 29, 2015, Carlos Almonte was released from custody on his own recognizance, pursuant to N.Y.S. Criminal Procedure Law Section 180.80.

8. On September 11, 2015, the criminal charges pending against Carlos Almonte were dismissed with prejudice, upon motion of the Office of the Special Narcotics Prosecutor.

## JURISDICTION

9. Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment of the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears.

## PARTIES

10. Plaintiff CARLOS ALMONTE is a natural person who resides in Bronx County, New York.

11. Defendant STATE OF NEW YORK was and is a governmental entity, organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, defendant RODRIGUEZ is a natural person who resides in the State of New York.

13. At all times mentioned hereafter, defendant RODRIGUEZ was an employee of

defendant STATE and was working for and acting within the scope of his employment and under color of state law for defendant STATE.

14. Upon information and belief, defendant CHACON is a natural person who resides in the State of New York.

15. At all times mentioned hereafter, defendant CHACON was an employee of defendant STATE and was working for and acting within the scope of his employment and under color of state law for defendant STATE.

16. On or about May 8, 2015, before the commencement of this action, a Notice of Intention to File a Claim pursuant to Court of Claims Act Sections 10 and 11 on behalf of plaintiff CARLOS ALMONTE was served in writing, sworn to by or on behalf of the claimant, by delivering same by personal service upon defendant STATE, which Notice set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

17. Again on September 11, 2015, after the criminal matter was dismissed against CARLOS ALMONTE, a second Notice of Intention to File a Claim pursuant to Court of Claims Act Sections 10 and 11 on behalf of plaintiff CARLOS ALMONTE was served in writing, sworn to by or on behalf of the claimant, by delivering same by personal service upon defendant STATE, which Notice set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

18. Said Notices of Intention to File a Claim were presented and delivered to defendant STATE within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

19. Despite timely notice, defendant STATE has failed to request oral and/or physical examination of plaintiff CARLOS ALMONTE pursuant to N.Y.S. Court of Claims Act Section 17-a and more than ninety days have elapsed since the service of said notices.

20. This action was commenced within one year after such causes of action arose and more than ninety (90) days have elapsed since the service of this claim or such claim was presented, and defendant STATE has failed and/or refused to make an adjustment or payment of said claim.

**CUSTOMS AND PRACTICES OF DEFENDANT STATE OF NEW YORK WHICH LED TO THE FALSE ARREST, MALICIOUS PROSECUTION, ASSAULT AND BATTERY AGAINST PLAINTIFF CARLOS ALMONTE**

21. Defendant STATE has a number of customs and practices which are employed by the New York State Police which caused and/or contributed to CARLOS ALMONTE's false arrest and imprisonment, malicious prosecution, assault, and battery against him.

22. Specifically, it is the custom and/or practice of defendant STATE, its agents, servants and/or employees, including employees of the New York State Police, to routinely seize individuals, without sufficient and legal probable cause and commence prosecutions absent same.

23. Defendant STATE, its agents, servants and/or employees, including employees of the New York State Police, due to a lack of training and supervision, fail to train and/or improperly train their employees in recognizing probable cause sufficient to seize and subsequently charge an individual suspected of a crime.

24. Defendant STATE, its agents, servants and/or employees, including employees of the New York State Police, due to a lack of proper training and supervision, routinely engage in a custom or practice of making arrests without sufficient and legal probable cause, thereby subjecting individuals to violations of their Constitutional rights, including wrongful arrest and imprisonment and malicious prosecution.

25. Defendant STATE, its agents, servants and/or employees, including employees of the New York State Police, due to a lack of proper training and supervision, routinely fail to tell prosecutors of exculpatory facts which undermine the validity of an arrest and/or prosecution, which render the arrest and/or prosecution without sufficient and legal probable cause, thereby subjecting individuals to violations of their Constitutional rights, including wrongful and false arrest and imprisonment, and malicious prosecution.

26. As a result of defendant STATE, its agents', servants' and/or employees' failure to properly train and/or supervise its agents, servants and/or employees in recognizing probable cause, plaintiff CARLOS ALMONTE's Constitutional rights were violated by, among other things, his wrongful arrest and imprisonment and malicious prosecution.

## AS AND FOR A FIRST CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO FOURTH AMENDMENT
## (FALSE ARREST AND IMPRISONMENT)

27. Plaintiff CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 26.

28. DEFENDANTS' conduct in arresting CARLOS ALMONTE without probable cause was in violation of the rights guaranteed plaintiff CARLOS ALMONTE pursuant to the Fourth Amendment of the United States Constitution.

29. As set forth above, such conduct was performed under color of state law.

30. As set forth above, such improper conduct was a result of a custom or practice of defendant STATE in its improper training, instruction and/or supervision by defendant STATE of its agents, servants and/or employees, including defendants RODRIGUEZ and CHACON.

31. As a result of their conduct, DEFENDANTS violated plaintiff CARLOS ALMONTE's civil rights and are liable to plaintiff CARLOS ALMONTE pursuant to 42 U.S.C. §1983.

32. As a result, plaintiff CARLOS ALMONTE suffered physical and mental injuries.

33. As a result thereof, plaintiff CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
### (MALICIOUS PROSECUTION)

34. CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 33.

35. As set forth above, DEFENDANTS, their agents, servants and/or employees, under color of state law, commenced a criminal prosecution against CARLOS ALMONTE.

36. As set forth above, the prosecution ended in CARLOS ALMONTE's favor as the matter against CARLOS ALMONTE was dismissed and sealed upon the motion of the Office of the Special Narcotics Prosecutor.

37. As set forth above, the prosecution of CARLOS ALMONTE was without probable cause.

38. As set forth above, DEFENDANTS prosecuted CARLOS ALMONTE knowing that CARLOS ALMONTE had not committed any crime.

39. As set forth above, defendants prosecuted CARLOS ALMONTE when they should have known CARLOS ALMONTE had not committed any crime.

40. As set forth above, such conduct was a result of the customs and practices of the defendant STATE OF NEW YORK.

41. As set forth herein, such conduct was a result of the improper training and/or supervision of DEFENDANTS, their agents, servants and/ or employees.

42. As set forth above, as a result of the prosecution, CARLOS ALMONTE suffered a deprivation of liberty pursuant to the Fourth Amendment.

43. As a result of their conduct, DEFENDANTS violated CARLOS ALMONTE's civil rights and are liable to CARLOS ALMONTE pursuant to 42 U.S.C. §1983.

44. As a result, CARLOS ALMONTE suffered physical and mental injuries.

45. As a result thereof, CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

### AS AND FOR A THIRD CAUSE OF ACTION
### CIVIL RIGHTS PURSUANT TO FIFTH & FOURTEENTH AMENDMENTS
### (DUE PROCESS)

46. CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 45.

47. DEFENDANTS, their agents, servants and/or employees conduct and actions toward CARLOS ALMONTE detailed herein, including the false arrest and malicious prosecution of CARLOS ALMONTE were in violation of the rights guaranteed CARLOS ALMONTE pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

48. DEFENDANTS their agents, servants and/or employees conduct and actions toward plaintiff deprived plaintiff CARLOS ALMONTE of liberty without due process of law.

49. The conduct and acts of the DEFENDANTS were performed under the color of state law.

50. As a result of DEFENDANTS conduct, CARLOS ALMONTE's civil rights were violated and DEFENDANTS are liable to plaintiff pursuant to 42 U.S.C. §1983.

51. As a result, plaintiff CARLOS ALMONTE suffered physical and mental injuries, as well as loss of property.

52. As a result thereof, plaintiff CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

## PENDENT STATE CLAIMS

### AS AND FOR A THIRD CAUSE OF ACTION
### (FALSE ARREST AND IMPRISONMENT)

53. Plaintiff CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 52.

54. On April 23, 2015, DEFENDANTS, their agents, servants and/or employees, arrested plaintiff CARLOS ALMONTE, handcuffed him, took him into custody, and confined him.

55. Plaintiff CARLOS ALMONTE was conscious of the arrest and confinement.

56. Plaintiff CARLOS ALMONTE did not consent to the confinement.

57. The arrest and confinement of plaintiff CARLOS ALMONTE was not otherwise privileged.

58. The arrest and confinement of plaintiff CARLOS ALMONTE was without probable cause.

59. As a result, plaintiff CARLOS ALMONTE suffered physical and mental injuries.

60. As a result thereof, plaintiff CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A FOURTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

61. CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 60.

62. DEFENDANTS, their agents, servants and/or employees, initiated a prosecution against CARLOS ALMONTE while having no probable cause to believe that CARLOS ALMONTE committed any crimes.

63. DEFENDANTS, their agents, servants and/or employees acted maliciously in initiating said prosecution against CARLOS ALMONTE.

64. DEFENDANTS, their agents, servants and/or employees did not act in good faith when initiating said prosecution against CARLOS ALMONTE.

65. DEFENDANTS, their agents, servants and/or employees did not act on reasonable grounds when initiating said prosecution against CARLOS ALMONTE.

66. As a result, CARLOS ALMONTE suffered physical and mental injuries, including incarceration and deprivation of his liberty.

67. As a result thereof, CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (ASSAULT)

68. Plaintiff CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 67.

69. DEFENDANTS' conduct detailed herein, including the arrest and handcuffing of CARLOS ALMONTE, was done with the intent of placing plaintiff CARLOS ALMONTE in fear of imminent harmful and offensive contact and did in fact place CARLOS ALMONTE in fear of imminent harmful and offensive conduct.

70. As a result, plaintiff CARLOS ALMONTE suffered physical and mental injuries.

71. As a result thereof, plaintiff CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

### AS AND FOR A SIXTH CAUSE OF ACTION
### (BATTERY)

72. Plaintiff CARLOS ALMONTE repeats and reiterates the allegations contained in paragraphs 1 through 71.

73. DEFENDANTS' conduct in arresting, handcuffing and searching plaintiff CARLOS ALMONTE was intentional.

74. Plaintiff CARLOS ALMONTE did not consent to the intentional touching of his body.

75. Such conduct by the DEFENDANTS towards plaintiff CARLOS ALMONTE constituted offensive bodily contact.

76. As a result, plaintiff CARLOS ALMONTE suffered physical and mental injuries.

77. As a result thereof, plaintiff CARLOS ALMONTE has been damaged in the sum of Five Million dollars ($5,000,000).

## CONCLUSION

**WHEREFORE**, plaintiff CARLOS ALMONTE demands judgment against defendants STATE OF NEW YORK, INV. GILBERTO RODRIGUEZ, and INV. ELIAS CHACON in the sum of Five Million dollars ($5,000,000) for each cause of action alleged herein, together with the costs and disbursements of this action, including punitive damages and attorneys fees.

Dated: New York, New York
      December 15, 2015

 

Yours, etc.

**SIEGLE & SIMS L.L.P.**

By: _____
Eric W. Siegle (ES0571)
Jonathan D. Sims (JS8472)
Attorneys for Plaintiff
CARLOS ALMONTE
217 Broadway - Suite 611
New York, NY 10007
(212) 406-0110